## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LEAH RENEA HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-06051-CV-SJ-DPR-SSA |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for 42 USC §406 (b) Attorney Fees.  (Doc. 31.) Defendant filed a Response to the Motion and Plaintiff filed a Reply in support of the Motion. (Docs. 33, 34.)  Plaintiff's attorney, Roger M. Driskill, seeks attorney fees in the amount of $9,201.45 for his representation of Plaintiff before this Court, claiming the past-due benefits total $36,805.80.  (Doc. 34 at 2.)  Defendant opposes the request for attorney fees "to the extent it exceeds 25% of Plaintiff's past due benefits.  Agency records reflect that Plaintiff's past due benefits total $31,464.00; resulting in a maximum attorney fee of $7,866.00."  (Doc. 33.)  Upon review, the Motion will be **GRANTED IN PART**.

In this matter, on April 16, 2019, Plaintiff filed a Complaint for review of Defendant's final unfavorable decision on her application for disability insurance benefits and supplemental security income.  On September 21, 2020, the Court reversed the decision and remanded the matter to Defendant for reconsideration.  Upon remand, on June 2, 2021, the ALJ issued a Partially

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Fed. R. Civ. P. 25(d)(1), Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.  By reason of the last sentence of 42 U.S.C. § 405(g), no further action need be taken.

Favorable Decision. (Doc. 31 at 1.) Thereafter, on November 2, 2021, Defendant issued a Notice of Award to Plaintiff and counsel. (Doc. 31 at 2.)

Pursuant to 42 U.S.C. § 406(b), a court may award attorney's fees where the claimant receives a favorable administrative decision following a remand of the case for further consideration. *Burnett v. Heckler*, 756 F.2d 621, 624 (8th Cir. 1985). Section 406(b) provides for "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Past-due benefits are defined as "the total amount of benefits under title II of the Act that has accumulated to all beneficiaries because of a favorable administrative or judicial determination or decision, *up to but not including the month the determination or decision is made*." 20 C.F.R. § 404.1703 (emphasis added).

In the Motion, Mr. Driskill states that the ALJ issued a partially favorable decision on June 2, 2021. Therefore, the past-due benefits to which Plaintiff is entitled may only include benefits due "up to but not including" June of 2021, the month of the ALJ's decision. Although Mr. Driskill claims the past-due benefits total is $36,805.80, this amount includes six monthly payments of $1,065.70 for June 2021 through November of 2021, apparently because these payments were due prior to the issuance of the Notice of Award on November 2, 2021. But the inclusion of these six payments is improper, as they are not "past-due benefits" under the law. Subtracting these six payments results in a past-due benefits total of $30,411.60. However, because Defendant alleges the past-due benefits total is $31,464.00, which is more than this recalculated amount, the Court finds the past-due benefits to which Plaintiff is entitled total $31,464.00.

The Court also finds that an attorney fee of 25% of the past-due benefits is consistent with the Attorney Fee Contract. (Doc. 31-1.) And lastly, an attorney fee of $7,866.00, or 25% of the past-due benefits total of $31,464.00, is reasonable.

Therefore, the Motion for 42 USC §406 (b) Attorney Fees is **GRANTED IN PART**. Pursuant to 42 U.S.C. § 406(b), Roger M. Driskill is awarded a fee for his services in the amount of $7,866.00, to be paid by Defendant. Furthermore, Mr. Driskill shall refund to Plaintiff the amount of $7,500.00, which was paid previously as an attorney fee under the Equal Access to Justice Act.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: February 8, 2022